IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00006-RLV-DSC

| | | |
|---|---|---|
| PATRICIA G. PLUMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff Plummer's Motion for Summary Judgment (Doc. 13), filed June 24, 2011, and Defendant Commissioner's Motion for Summary Judgment (Doc. 18), filed September 22, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David S. Cayer was designated to consider and recommend disposition of the aforesaid motions. In a Memorandum and Recommendation Opinion ("M & R"), filed September 26, 2011, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision be affirmed. Plaintiff, through counsel, filed a timely Objection to the Magistrate Judge's Memorandum and Recommendation on October 12, 2011 (Doc. 21), and Defendant filed a Reply to Plaintiff's objections on October 18, 2011 (Doc. 22). These Motions are considered herein.

## I. INTRODUCTION

The Court adopts the uncontested procedural history as set forth on pages one through

1

three of Magistrate Judge Cayer's M & R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court shall make a de novo determination of those portions of a magistrate judge's report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court's review of the Commissioner's final decision is limited to the following two issues: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). So long as a reasonable mind might accept as adequate the evidence in support of the Commissioner's decision, the Court should not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456 (4th Cir. 1990); *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III. DISCUSSION

Applying the Social Security Administration's five-step, sequential evaluation process, the ALJ determined at step two that within the relevant time period Plaintiff suffered from severe impairments of cervical and lumbar degenerative disc disease, and osteoporosis of the lumbar spine. (Doc. 9-2 at 16–17.) However, the ALJ further determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments; that, notwithstanding her impairments, Plaintiff had the residual functional capacity ("RFC") to perform the full range of "light" work, as defined in 20 C.F.R. §

2

404.1567(b); and at step five that Plaintiff was "not disabled" as directed by Medical-Vocational Rule 202.17 in light of her RFC, age, education, and work experience. (Doc. 9-2 at 17–21.)

Plaintiff contends that the Administrative Law Judge's ("ALJ's") unfavorable decision is not supported by substantial evidence. (Doc. 21 at 1.) Plaintiff accordingly objects to the Magistrate Judge's M & R and requests that the Court reverse the decision of the Social Security Administration to deny her claim for benefits. (Doc. 21 at 3.) Specifically, Plaintiff first assigns error to the ALJ's conclusion that her impairments did not, prior to the date last insured, meet the requirements of Listing 1.04A, Disorders of the spine.[1] A claimant bears the burden of establishing that her impairment meets or equals a listed impairment. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). An impairment or combination of impairments *meets* a listing if it satisfies all of the criteria of that specific listing, including the duration requirement, namely, that the impairment has lasted or can be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1525(c)(3) (citing 20 C.F.R. § 404.1509); *cf. Barnhart v. Walton*, 535 U.S. 212, 218–19 (2002). An impairment or combination of impairments *medically equals* a listing when it is at least equal in severity and duration to the criteria of any listed impairment. 20 C.F.R. § 404.1526(a)–(b).

Here, the ALJ found that Plaintiff's "cervical and lumbar degenerative disc disease and lumbar osteoporosis have not resulted in any disorder of the spine as described in section 1.04 . . . [or] Listing 1.02 . . . ."[2] (Doc. 9-2 at 18.) This position is supported by the reports of two state

---

[1] The Court reviews de novo the M & R with respect to the matter of whether Plaintiff's impairments meet or equal Listing 1.04A.

[2] The examples provided in Listing 1.04 include herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture, any of which result in the compromise of a nerve root (including the cauda equina) or

agency physicians. These physicians filled out Disability Determination and Transmittal forms, stating that Plaintiff was not disabled through the dates of their determinations: May 22, 2007, and August 6, 2007. (Doc. 9-3 at 2–3.) These forms conclusively establish that "consideration by a physician . . . designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review," *Smith v. Astrue*, 457 Fed. App'x 326, 328 (4th Cir. 2011) (unpublished decision); SSR 96-6p; and the ALJ may properly rely upon these reports, *Scott v. Sullivan*, 898 F.2d 519, 524 (7th Cir. 1990).

Although the ALJ's explanation at step three was cursory, the pertinent evidence was later addressed in reference to Plaintiff's RFC. While discussing Plaintiff's RFC, the ALJ relied upon the assessments of the Disability Determination Service medical consultants, who deemed as "nml" Plaintiff's muscle strength and sensation, and the sensory exam. (Doc. 9-2 at 18–19; Doc. 9-8 at 12; *see* Doc. 9-7 at 49–50.) The ALJ specifically found that "the evidence of record fails to reveal any signs of muscular atrophy or similar findings."[3] (Doc. 9-2 at 19.) Therefore, as noted by the ALJ, while Plaintiff's MRI history showed a moderate herniation at L4-5 and degeneration of the disc at the L5-S1 level,[4] substantial evidence supports the Commissioner's determination that Plaintiff's back impairment did not meet or equal Listing 1.04A. (Doc. 9-2 at

---

the spinal cord. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

[3] Listing 1.04A requires, in addition to a disorder of the spine resulting in compromise or a nerve root or the spinal cord, "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, *motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and*, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . ." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A) (emphasis added).

[4] It is worth noting that the May 2007 MRI report stated that the herniated disc at L4-5 was "considerably smaller when compared with the prior study of 10/30/06." (Doc. 9-7 at 27; *see* Doc. 9-8 at 23.) Additionally, this report makes no mention of nerve-root compression.

4

20; *see, e.g.*, Doc. 14 at 3.)

Plaintiff additionally assigns error to the ALJ's evaluation of Plaintiff's credibility and subjective complaints of pain, as well as the ALJ's conclusion that she had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).[5] In determining whether to credit a claimant's subjective complaints of pain, an ALJ must consider (1) whether objective medical evidence establishes the existence of a medical impairment that could reasonably be expected to produce the pain alleged and (2) whether the claimant's medical evidence, daily activities, and course of treatment support her statements about the intensity, persistence, and limiting effects of the pain. *See Craig v. Chater*, 76 F.3d 585, 593–95; 20 C.F.R. § 404.1529(a). Accordingly, the ALJ is not required to accept a claimant's testimony at face value, but rather is to weigh such testimony with all of the evidence. The ALJ's decision must "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Magistrate Judge Cayer appropriately and thoroughly addressed in his M & R Plaintiff's arguments as to credibility, pain, and her RFC to perform "light" work. (Docs. 14, 20.) The Court accordingly adopts outright the M & R as to these matters. (Doc. 20 at 7–12.)

### IV. CONCLUSION

The final decision of the Commissioner conforms with applicable law and is supported by substantial evidence. **IT IS, THEREFORE, ORDERED** that the M & R of the Magistrate

---

[5] The Court reviews de novo the M & R with respect to these matters.

Judge (Doc. 20) be **ADOPTED** and the Commissioner's decision **AFFIRMED**. Plaintiff's Motion for Summary Judgment (Doc. 13) is **DENIED**, and Defendant's Motion for Summary Judgment (Doc. 18) is **GRANTED**.

Signed: May 22, 2012

Richard L. Voorhees
United States District Judge